# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| WILLIAM BELLEVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   18-cv-<u>1340</u> |
| | ) |
| SAFWAY SERVICES, LLC, a | ) |
| corporation, and PHILLIPS 66 | ) |
| WOOD RIVER REFINERY, a corporation, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Safway Services, LLC, by and through its attorneys, DeFranco & Bradley, P.C., removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, a certain civil action designated as No. 18-L-697, in which William Belleville is plaintiff and Safway Services, LLC and "Phillips 66 Wood River Refinery, a corporation" are named as defendants.

2. Venue lies in the United States District Court for the Southern District of Illinois in the East St. Louis Division pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Madison County, Illinois which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.      Complete diversity of citizenship exists between plaintiff and defendant Safway Services, LLC as required by 28 U.S.C. § 1332(a).

5.      Plaintiff William Belleville is now and was at the commencement of this action a citizen of the State of Illinois.

6.      Defendant Safway Services, LLC is now and was at the commencement of this action a wholly-owned subsidiary of SafeSource, LLC.  SafeSource, LLC is now and was at the commencement of this action a wholly-owned subsidiary of Safway Group Holding LLC.  Safway Group Holding LLC is now and was at the commencement of this action a wholly-owned subsidiary of Badger Intermediate Holding LLC.  Badger Intermediate Holding LLC is now and was at the commencement of this action a wholly-owned subsidiary of Badger Holding LLC.  Badger Holding LLC is now and was at the commencement of this action a wholly-owned subsidiary of Safway Intermediate Holding LLC.  Safway Intermediate Holding LLC is now and was at the commencement of this action a wholly-owned subsidiary of Brand Industrial Services, Inc.  Brand Industrial Services, Inc. is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Georgia.  Defendant Safway Services, LLC is thus a citizen of the States of Delaware and Georgia.

7.      Plaintiff also named "Phillips 66 Wood River Refinery, a corporation" as a defendant.  Upon conversations with counsel for the correct entity, Phillips 66 Company, and after exercising due diligence, counsel has not been able to locate any such corporation in existence.  As such, "Phillips 66 Wood River Refinery, a corporation" is a fictitious defendant and should be disregarded pursuant to 28 U.S.C. § 1441(b).  Counsel for plaintiff and co-defendant have advised that they have discussed the issue and plaintiff plans to amend the

complaint to add the proper legal entity, Phillips 66 Company, as a party defendant. Co-defendant and its counsel have advised that if the proper legal entity is added as a party, that entity is incorporated in the State of Delaware and has its principal place of business in the State of Texas and will consent to removal.

## AMOUNT IN CONTROVERSY

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

9. This action involves a claim for personal injuries and damages in excess of $50,000. (See Complaint and attached Rule 222 Affidavit signed by plaintiff's counsel). Plaintiff claimed that, as a result of the alleged incident, he sustained "severe and permanent physical injuries," including "severe injuries to his right shoulder," and further claimed that he has become permanently disabled and "will in the future, lose large sums of money that he otherwise might have gained from the pursuit of his usual employment" (Complaint, Count I, ¶¶ 6, 9; Count II, ¶¶ 6, 9). According to plaintiff's workers' compensation claim, plaintiff's lost wages in relation to the alleged incident are in excess of $100,000 per year.

10. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the Court held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## **TIMELINESS**

12. Plaintiff filed the Complaint on May 24, 2018. Plaintiff served defendant Safway Services, LLC with the Complaint and Summons on June 7, 2018.

13. Safway Services, LLC is the only defendant that has been properly served. Plaintiff also named "Phillips 66 Wood River Refinery, a corporation" as a defendant and filed an affidavit of service with the Madison County Clerk of Court indicating said defendant was served with the Complaint and Summons on June 1, 2018. Upon conversations with counsel for the correct entity, Phillips 66 Company, and after exercising due diligence, counsel has not been able to locate any such corporation in existence. The court need only consider properly served defendants. *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006) ("A removing

defendant may explain such absence of consent by showing that a non-consenting co-defendant was not served at the time of removal").[1]

14. This notice of removal was filed within thirty days after receipt of the initial pleading by defendant Safway Services, LLC pursuant to 28 U.S.C. § 1446(b).

## NOTICE REQUIREMENTS

15. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

16. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois as required by 28 U.S.C. §1446(d).

17. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Safway Services, LLC, removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANTS DEMAND TRIAL BY JURY**.

---

[1] Counsel for Phillips 66 Company advised that Phillips 66 Company plans to file a motion to dismiss based on insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

DeFRANCO & BRADLEY, P.C.

By:   /s/James E. DeFranco
     James E. DeFranco, #6181134
     Rebecca L. Van Court, #6290952
     Brittany P. Warren, #6325934
     Nicholas C. Martin, #6324298
     141 Market Place, Suite 104
     Fairview Heights, IL 62208
     (618) 628-2000
     (618) 628-2007 Fax
     defranco@defrancolaw.com
     vancourt@defrancolaw.com
     warren@defrancolaw.com
     martin@defrancolaw.com
     ATTORNEYS FOR DEFENDANT,
     SAFWAY SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | | |
|---|---|---|---|
| WILLIAM BELLEVILLE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | ___-cv-___ |
| | ) | | |
| SAFWAY SERVICES, LLC, a | ) | | |
| corporation, and PHILLIPS 66 | ) | | |
| WOOD RIVER REFINERY, a corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

_____
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 28th day of June, 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

Case No. 18-cv-1340

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| WILLIAM BELLEVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. ___-cv-___ |
| ) | |
| SAFWAY SERVICES, LLC, a ) | |
| corporation, and PHILLIPS 66 ) | |
| WOOD RIVER REFINERY, a corporation, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant Safway Services, LLC in the above-entitled cause; that on the 29th day of June, 2018, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 29th day of June, 2018, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Third Judicial Circuit Court, Madison County Courthouse, Edwardsville, Illinois.

_____
JAMES E. DEFRANCO

SUBSCRIBED AND SWORN TO before me this 28th day of June, 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

Case No. 18-cv-1340